**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| POLINA KORCHAGINA, on behalf of herself and all others similarly situated, | **CIVIL ACTION** |
| Plaintiffs, | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| -against- | |
| FMA ALLIANCE, LTD., | |
| Defendant. | |

Plaintiff POLINA KORCHAGINA (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Daniel Cohen, PLLC, against Defendants FMA ALLIANCE, LTD. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Upon information and belief, Defendant's principal place of business is located in Houston, Texas.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

- All New York consumers who received a collection Letter from Defendant attempting to collect an obligation owed to or allegedly owed to U.S. Bank National Association (US Bank), that contains the alleged violation arising from Defendant's failure to adequately advise the consumer of their right to dispute the debt in violation of 15 U.S.C. §1692e, *et seq.*

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection Letter and/or notices from Defendant that fail to adequately advise the consumer of their right to dispute the debt in violation of the FDCPA. Plaintiff is complaining of a standard form Letter and/or notice that is sent to hundreds of persons (*See* <u>Exhibit A</u>, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.   Whether Defendant violated various provisions of the FDCPA;

    b.   Whether Plaintiff and the Class have been injured by Defendant's

        conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If

- Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS OF FACT PARTICULAR TO POLINA KORCHAGINA

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection Letter to Plaintiff seeking to collect on an unpaid account originally owed to US Bank.

17. On or about July 12, 2017, Defendant sent Plaintiff a collection letter (the "Letter"). *See* Exhibit A.

18. The Letter was sent or caused to be sent by persons employed by Defendant, as "any person that uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts…" as defined by 15 U.S.C. §1692a(6).

19. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

20. The Letter was an initial communication between Plaintiff and Defendant.

21. The Letter states in pertinent part, "Please send all payments or correspondence to:" and then provided a mailing address.

22. As a result of the following Counts Defendant violated the FDCPA.

### Firsts Count
### 15 U.S.C. §1692g(a)(3)
### Suggesting a Dispute Must be Made in Writing

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein.

24. 15 U.S.C. § 1692g(3) requires the notice to include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

25. There is no requirement that the consumer dispute the debt in writing.

26. It is a violation of FDCPA to require disputes be made in writing.

27. It is a violation of the FDCPA to include language in the Letter that overshadows the required 15 U.S.C. § 1692g(3) statement.

28. It is a violation of the FDCPA to include language in the Letter that contradicts the required 15 U.S.C. § 1692g(3) statement.

29. It is a violation of the FDCPA to include language in the Letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

30. It is a violation of the FDCPA to include language in the Letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

31. It is a violation of the FDCPA to include language in the Letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

32. Defendant's Letter states "Please send all payments or correspondence to:" and proceeds to provide a mailing address for which to mail same.

33. The least sophisticated consumer, reading the Letter as a whole, would be likely to understand that, because a dispute is a correspondence, all disputes must be communicated in writing, thereby invalidating the right to make a dispute orally.

34. Disputes need not be in writing. *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282 (2d Cir. 2013).

35. The language concerning written disputes overshadows the required 15 U.S.C. § 1692g(3) statement.

36. The language concerning written disputes contradicts the required 15 U.S.C. § 1692g(3) statement.

37. The language concerning written disputes, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

38. The language concerning written disputes, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

39. The language concerning written disputes, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

40. Defendant has violated § 1692g as the above-referenced language overshadows the information required to be provided by that Section.  See *Balke v. All. One Receivables Mgt., Inc.*, 16-CV-5624(ADS)(AKT), 2017 WL 2634653, at *8 (E.D.N.Y. June 19, 2017).[1]

---

[1] Namely, the Court finds that, although the Collection Letter did not explicitly state that the Plaintiff could only dispute the debt in writing, from the perspective of the least sophisticated consumer, the inclusion of a mailing address to which "all correspondence for this account should be mailed" introduces enough uncertainty regarding the permissible methods of disputing the debt to state a plausible claim for relief under the statute.

**Second Count**
**Violation of 15 U.S.C. § 1692e,** *et seq*
**False and Misleading Representations**

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "40" herein with the same force and effect as if the same were set forth at length herein.

42. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

44. For purposes of 15 U.S.C. § 1692e, the failure to clearly provide the consumer with complete and accurate information notifying them of their rights and obligations is unfair and deceptive to the least sophisticated consumer.

45. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

46. The question of whether a collection Letter is deceptive is determined from the perspective of the "least sophisticated consumer."

47. Because the collection Letter in the instant case was reasonably susceptible to an inaccurate reading concerning Plaintiff's right to dispute the debt by something other than in writing, it is deceptive within the meaning of the FDCPA.

48. When confronted with Defendant's Letter which stated, "Please send all payments or correspondence to:" it is reasonable for the least sophisticated consumer to believe that all disputes would be needed in writing. That is inaccurate since you can also call to orally dispute the debt.

49. When confronted with Defendant's Letter which states, "Please send all payments or correspondence to:" it would be reasonable for the least sophisticated consumer to understand that statement to mean that in order to dispute the debt she must send it in writing. That would be inaccurate since she can dispute the debt verbally.

50. The least sophisticated consumer would likely be deceived by Defendants' conduct.

51. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

52. The least sophisticated consumer would be unsure as to whether a writing or oral communication is necessary to dispute the underlying debt.

53. Defendant's conduct violated 15 U.S.C. §1692e. There is no requirement that the consumer dispute the debt in writing.

54. Because the Letter, for the reasons described above, could be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, such violates 15 U.S.C. § 1692e. See *Balke v. Alliance One Receivables Management, Inc.*, No. 16-CV 5624(ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Daniel Cohen, PLLC, as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

    Respectfully submitted,

    By: /s/ Daniel Cohen
    Daniel Cohen, Esq.
    Daniel Cohen, PLLC
    300 Cadman Plaza W, 12th floor
    Brooklyn, New York 11201
    Phone: (646) 645-8482
    Fax: (347) 665-1545
    Email: Dan@dccohen.com
    *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

    */s/ Daniel Cohen*
    Daniel Cohen, Esq.

Dated: Brooklyn, New York
        November 28, 2017